## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *ANDREW FLOOD,* | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| *v.* | ) | *No. 1:12-cv-174-DBH* |
| | ) | |
| *PATRICIA BARNHART,* | ) | |
| | ) | |
| *Respondent* | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

This is Andrew Flood's third petition for habeas relief pursuant to 28 U.S.C. § 2254 with respect to the revocation of his probation in January 2010. *See* Petition for Relief From a Conviction or Sentence By a Person in State Custody ("Third Petition") (ECF No. 1); *see also* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("First Petition") (ECF No. 4), *Flood v. Barnhart*, No. 1:11-cv-32-DBH (D. Me.) ("First Habeas Case"); Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Second Petition") (ECF No. 1), *Flood v. Jones*, No. 1:11-cv-281-DBH (D. Me.) ("Second Habeas Case").

The First Petition was denied on the basis of Flood's procedural default of his claims in state court, with respect to which he failed to show cause or prejudice. *See* ECF Nos. 20, 28, First Habeas Case. The Second Petition was dismissed on the basis of his failure to procure an order from the United States Court of Appeals for the First Circuit authorizing this court to consider a second or successive petition pursuant to 28 U.S.C. § 2254. *See* ECF Nos. 2, 5, Second Habeas Case. I recommend that the court dismiss this Third Petition on that basis, as

well.  If the court agrees with this recommended disposition, a pending motion for assistance in procuring transcripts, and for court-appointed counsel, will be rendered moot.  *See* ECF No. 3.[1]

Subsection (b)(3)(A) of 28 U.S.C. § 2244 provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  This Third Petition is a "second or successive application."  All but one of its six grounds for relief restates claims made in the First and/or Second Petition.  *Compare, e.g.*, Ground One, Third Petition *with* Ground One, Second Petition; Ground Two, Third Petition *with* Ground One, First Petition; Ground Four, Third Petition *with* Ground Five, Second Petition; Ground Five, Third Petition *with* Grounds Two, Four, First Petition & Ground Two, Second Petition; Ground Six, Third Petition *with* Ground Four, First Petition & Ground Three, Second Petition.

While Ground Three of this Third Petition constitutes a new claim, it is frivolous.  Flood claims ineffective assistance of counsel based on his alleged ineffectiveness in representing himself *pro se* with respect to the preparation of his first habeas petition.  *See* Third Petition, Ground Three.  Even assuming, *dubitante*, that Flood could claim ineffective assistance with respect to his representation of himself, "[a] prisoner cannot claim ineffective assistance of counsel with respect to § 2254 petitions[.]"  *Herrington v. Johnson*, 159 F.3d 1357, at *1 (5th Cir. 1998); *accord Malpica-García v. United States*, Civil No. 08-2055(JAF), Crim. No. 03-081, 2012 WL 1121420, at *2 n.2 (D. P.R. Apr. 3, 2012).[2]

---

[1] This motion also included a request to proceed *in forma pauperis*, *see* ECF No. 3, which was mooted by Flood's payment of the required $5.00 filing fee following my issuance of an order directing him either to pay that fee or file an application to proceed *in forma pauperis*, *see* ECF No. 2.

[2] To the extent that Flood seeks to escape the bar against second or successive petitions by pointing out that the Maine Law Court ruled on certain of his claims on June 10, 2011, *see* Third Petition at 14; Order Denying Certificate of Probable Cause, *Flood v. State of Me.*, Docket No. Was-11-86 (Me. June 10, 2011) ("Law Court (*continued on next page*)

Because the Third Petition qualifies as "second or successive" pursuant to 28 U.S.C. § 2244(b)(3)(A) and Flood has not obtained the necessary permission for its filing from the First Circuit, I recommend that the court dismiss the petition without prejudice to Flood's rights to return to this forum, after securing permission to do so from the First Circuit.

### ***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 16th day of July, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

_____

Order"), attached thereto as ECF No. 1-1, the relative newness of the Law Court Order is of no help to him.  First, none of the claims considered by the Law Court appears to be new.  All were raised by Flood in his First and/or Second Petitions.  In any event, even if any of those claims is raised for the first time in a habeas petition, all of them stem from the underlying revocation proceeding.  *See* Law Court Order.  Because Flood could have filed a single, unified habeas petition after exhausting his remedies with respect to these claims, they do not alter the character of the Third Petition as second or successive.  *See, e.g., Gautier v. Wall*, 620 F.3d 58, 60 (1st Cir. 2010) ("Those with unexhausted as well as exhausted claims may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles. . . .  [A] later petition may be second or successive, and so face restrictions under the 'modified res judicata rule' in § 2244(b), if it advances claims that could have been properly raised and decided in a previous petition.") (citations and internal quotation marks omitted).