# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW P. FLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 1:12-cv-00174-NT |
| | ) | |
| PATRICIA BARNHART, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## ORDER AFFIRMING THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On July 16, 2012, the United States Magistrate Judge filed a Recommended Decision on 28 U.S.C. § 2254 Petition. (ECF No. 4). The petitioner filed a motion for reconsideration of the Recommended Decision on August 31, 2012, (ECF No. 11) and filed an objection to the Recommended Decision on September 7, 2010. (ECF No. 16). The Magistrate Judge issued a Memorandum Decision and Order on the Motion for Reconsideration on September 27, 2012, denying the motion for reconsideration. (ECF No. 19).

On October 9, 2012, Judge Hornby adopted the Recommended Decision of the Magistrate Judge after de novo review. (ECF No. 25). Because the petition qualified as a third habeas petition, Judge Hornby dismissed the case without prejudice to the petitioner's rights to obtain permission from the First Circuit to file a "second or

successive" petition.[1] Judge Hornby noted that his ruling mooted the petitioner's motions for appointment of counsel and for transcripts (ECF No. 3). Judge Hornby also denied the petitioner's motions to amend his habeas petition (ECF No. 13) and for an evidentiary hearing (ECF No. 8). Finally, Judge Hornby determined that no certificate of appealability should issue because there was no substantial issue that could be presented on appeal. Judgment was entered against the petitioner on October 9, 2012. (ECF No. 26). On October 17, 2012, the petitioner filed a motion for the Court to reconsider its Order Affirming the Magistrate Judge's Decision. Judge Hornby read the materials submitted by the Petitioner and concluded that there was no reason to alter his earlier decision. (ECF No. 29).

On October 17, 2012, the petitioner also filed an objection to the Magistrate Judge's Memorandum Decision and Order on Motion for Reconsideration. On October 23, 2012, Judge Hornby concurred with the Magistrate Judge's Order denying reconsideration. (ECF No. 29).

On November 1, 2012, the petitioner filed a Motion for Adjudication (ECF No. 30); Motion for a Hearing to Show Cause (ECF No. 31); and a Motion for Certificate of Appealability (ECF No. 33). The Motion for Adjudication sought reconsideration of all matters previously adjudicated in this case because Judge Hornby had filed an order of recusal in one of petitioner's related cases. On November 2, 2012, Judge

---

[1]     Flood has filed six cases in this Court stemming from the revocation of his state probation in January of 2010: three petitions for habeas relief under 28 U.S.C. § 2254 (*Flood v. Barnhart*, 11-CV-32; *Flood v. Jones*, 11-CV-281; *Flood v. Barnhart*, 12-CV-174), and three suits pursuant to 42 U.S.C. § 1983 (*Flood v. Maine Dep't. of Corrections*, 11-CV-270; *Flood v. Maine Dept. of Corrections*, 11-CV-205; *Flood v. Hunter*, 11-CV-303).

Hornby issued an order of recusal in this case[2] pursuant to 28 U.S.C. § 455 and this case was reassigned to me.

Section 455 defines the circumstances that mandate disqualification of federal judges.[3] "Section 455 does not, on its own, authorize the reopening of closed litigation. However . . . Federal Rules of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863 (1988). "Both the need for finality and a common-sense aversion to frittering scarce judicial resources militate against an inflexible rule invalidating all prior actions of a judge disqualified under § 455." *El Fenix de Puerto Rico v. M/Y Johanny*, 36 F.3d 136, 142 (1st Cir. 1994).

The petitioner has not filed a Rule 60(b) motion but he has moved for adjudication of "all matters in this case" in light of Judge Hornby's recusal. Although I do not believe that the petitioner has the right to have all prior rulings made in this case readjudicated, out of an abundance of caution, I will consider the merits of the petitioner's underlying objection to the Magistrate Judge's Report and Recommended Decision dismissing his petition.

I have reviewed and considered the Recommended Decision, together with the entire record. I have made a *de novo* determination of all matters adjudicated by

---

[2]       On October 23, 2012, Judge Hornby entered an Order of Recusal in *Flood v. Maine Dept. of Corrections,* 11-CV-270, thus tipping the Petitioner off to the recusal issue prior to the filing of Judge Hornby's recusal order in the instant case.
[3]       Section 455(a) provides for disqualification in any proceeding in which a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) lists five circumstances in which recusal is required ranging from personal bias, to prior involvement in a case as a lawyer, to financial interests of the judge or a family member of a judge. 28 U.S.C. §455(b). Judge Hornby did not specify his reason for recusal.

the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision. Because this third Petition qualifies as a "second or successive" petition pursuant to 28 U.S.C. § 2244(b)(3)(A), and because the petitioner has not obtained permission to file a successive petition from the First Circuit, the petition is dismissed for lack of jurisdiction without prejudice to the petitioner's rights to obtain permission from the First Circuit to file a "second or successive" petition. *Gautier v. Wall*, 620 F.3d 58, 60 (1st Cir. 2010)(district court lacked jurisdiction to consider second or successive petition without First Circuit's authorization; vacating district court's dismissal of second or successive petition and entering judgment of dismissal for lack of jurisdiction).

Accordingly, it is hereby **ORDERED** that the Motion for Adjudication (ECF No. 30) is **GRANTED**. The Recommended Decision of the Magistrate Judge (ECF No. 4) is hereby **ADOPTED**. The Petition is **DISMISSED** for lack of jurisdiction. Because the Court is without jurisdiction, the petitioner's motions for assistance in procuring transcripts and for court appointed counsel (ECF No. 3), to amend the petition (ECR No. 13), for an evidentiary hearing (ECF No. 8 & 31), for reconsideration (ECF No. 27 & 28), and for certificate of appealability (ECF No. 33) are all rendered **MOOT**.

SO ORDERED.

/s/ Nancy Torresen
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2012